IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DADE DIVISION

STAR PROPERTY NAKATOMI, LLC,

    Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,
UNITED SPECIALTY INSURANCE
COMPANY AND CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON SUBSCRIBING TO
POLICY NUMBER:VETGV06026210,

    Defendants.
_____/

CASE NO.: _____
State Case No.: 2022-024631-CA-01

## NOTICE OF REMOVAL

Defendants, ARCH SPECIALTY INSURANCE COMPANY ("ARCH"), UNITED SPECIALTY INSURANCE COMPANY ("UNITED"), and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER: VETGV06026210 ("UNDERWRITERS") (herein "DEFENDANTS"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), remove an action pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, styled STAR PROPERTY NAKATOMI, LLC v. ARCH SPECIALTY INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER:VETGV06026210, Case No. 05-2022-024631-CA-01, where Plaintiff filed suit against DEFENDANTS, and further state:

## TIMELY NOTICE OF REMOVAL

1.    Plaintiff, STAR PROPERTY NAKATOMI, LLC ("STAR PROPERTY") filed a Complaint against DEFENDANTS in Miami-Dade County Circuit Court, on or about December

28, 2022.  On or about January 13, 2023, DEFENDANTS were served with a Summons and copy of the Complaint in connection with the state action.  Plaintiff's Complaint asserts that DEFENDANTS breached an insurance contract issued to its insured, which alleges damages arising out of and a loss, on, or about June 16, 2022.[1]

2. DEFENDANTS were unaware of the citizenship of the members of Plaintiff's limited liability company as Plaintiff's Complaint is silent as to the identity and citizenship of the members of Plaintiff's limited liability company.[2]

3. DEFENDANTS served Plaintiff with limited discovery requests on May 9, 2023, to determine the identity and domiciles of the members of Plaintiff's limited liability company.

4. On August 15, 2023, DEFENDANTS discovered that the case was removable based upon the diversity of the parties per the requirement of 28 U.S.C. § 1332(a), when Plaintiff responded to DEFENDANTS' discovery requests in state court and provided the citizenship of its members.  Plaintiff identified its members and their domiciles, who, as further set forth below, are Florida citizens.[3]  As Plaintiff's members solely have Florida citizenship, Plaintiff is a Florida citizen.

5. DEFENDANTS are permitted 30 days to remove from the receipt of the first post-suit paper that provides the basis for removal.  *See* 28 U.S.C. § 1446(b)(3); *see also*, *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (discussing that a party must remove within 30 days of receiving the document that provides the basis for removal).  The definition of an 'other paper' is broad, and may include any formal or informal communication received by a defendant.  *Westland Com. Park v. Arch Specialty Ins. Co.*, 587 F.Supp.3d 1153,

---

[1] *See* Plaintiff's Complaint, and Notices of Service (attached as **Composite Exhibit 1**).
[2] *See* Plaintiff's Complaint (attached as **Composite Exhibit 1**).
[3] *See* Plaintiff's Verified Answers To Defendants' First Set of Interrogatories dated August 15, 2023 (attached as **Exhibit 2**).

1156 (S.D. Fla. Feb. 23, 2022).

6.     A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless there is a finding that the Plaintiff acted in bad faith in order to prevent a Defendants from removing the action. *See* 28 U.S.C. § 1446(c)(1).

7.     This Notice of Removal is filed timely as it is filed within 30 days of DEFENDANTS' receipt of Plaintiff's responses to DEFENDANTS' First Set of Discovery Requests regarding the citizenship of its members (August 15, 2023), and within 1 year after commencement of the action (December 28, 2022). *Westland Com. Park*, 587 F.Supp.3d at 1156.

8.     Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.

9.     Additionally, pursuant to 28 U.S.C. § 1332, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

10.    This Notice of Removal is filed in the United States District Court for the Southern District of Florida, Miami Dade Division, the court for the district and division that embraces the state court where the removed state action was pending, and is filed within the time provided for the removal of actions to the United States District Court. *See* 28 U.S.C § 1446(b).

## JURISDICTION

11.    This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are

completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. DEFENDANTS are entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

12. There is complete diversity between Plaintiff and DEFENDANTS.

13. Defendant, ARCH SPECIALTY INSURANCE COMPANY ("ARCH") is, and was at the time the Complaint was filed in state court, incorporated in the State of Missouri, with its principal place of business in the State of New Jersey, and, thus, is a citizen of those states. ARCH is not a citizen of or incorporated in the State of Florida, and does not have its principal place of business in the State of Florida. At all times material to this action, ARCH has been a foreign corporation doing business in Florida.[4]

14. Defendant, UNITED SPECIALTY INSURANCE COMPANY ("UNITED") is, and was at the time the Complaint was filed in state court, incorporated in the State of Delaware, with its principal place of business in the State of Texas, and, thus, is a citizen of those states. UNITED is not a citizen of or incorporated in the State of Florida, and does not have its principal place of business in the State of Florida. At all times material to this action, UNITED has been a foreign corporation doing business in Florida.[5]

15. Defendant, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER: VETGV06026210 ("UNDERWRITERS"), is, and was at the time the Complaint was filed in Florida state court, unincorporated associations consisting of three syndicates: RNR 1458, AAL 2012 and ACS 1856. The Eleventh Circuit found that Lloyd's syndicates are "creatures of administrative convenience" that "fall squarely within the class of unincorporated associations for which the pleading of every member's

---

[4] *See* Florida Office of Insurance Regulation Summary (attached as **Exhibit 3**).
[5] *See* Florida Office of Insurance Regulation Summary (attached as **Exhibit 4**).

citizenship is essential to establishing diversity jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088-89 (11th Cir. 2010). Like other unincorporated associations, the citizenship of Lloyd's is determined by the citizenship of its members. Members that are private limited companies in the United Kingdom are treated like a corporation for diversity purposes. *See Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F. Supp. 210, 211 (M.D. Fla. 1995) (treating a private limited company "incorporated under the laws of the United Kingdom" as a corporation for diversity and subject matter jurisdiction purposes pursuant to a determination under 28 U.S.C. § 1332); *Green Coast Enterprises, LLC v. Certain Underwriters at* Lloyd's, CV 22-973, 2022 WL 2208206, at *5 (E.D. La. June 21, 2022) (finding an Underwriters syndicate that was a private limited company as a corporation for diversity subject-matter jurisdiction); *Wexler v. Allegion (UK) Limited*, No. 16 Civ. 2252, s, at *3-4 (S.D. N.Y. Nov. 9, 2016) (recognizing a private limited company in United Kingdom is treated as a corporation purposes of diversity subject matter jurisdiction); *SHLD, LLC v. Hall*, No. 15 Civ. 6225 (LLS), 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) (same); *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816 at *3 (D.Conn. Nov. 4, 2013) (same); *Chok v. S & W Berisford PLC*, 624 F.Supp. 440, 441 (S.D. N.Y. 1985) (finding a British private limited company "is a corporation formed under the laws of the United Kingdom," and therefore treated as a corporation for purposes of diversity determination). Therefore, when the members of a Lloyd's syndicate are private limited companies, the Lloyd's syndicate has citizenship where each private limited company is incorporated and where each private limited company has its principal place of business.

    a.    Syndicate ACS 1856 is an unincorporated association. Syndicate ACS 1856's sole member is IQUW Corporate Member Ltd., which is a private limited

company incorporated in the United Kingdom with its principal place of business in the United Kingdom.

b. Syndicate AAL 2012 is an unincorporated association. Syndicate AAL 2012's sole member is Arch Syndicate Investments Ltd., which is a private limited company incorporated in the United Kingdom with its principal place of business in the United Kingdom.

c. Syndicate RNR 1458 is an unincorporated association. Syndicate RNR 1458's sole member is RenaissanceRe Corporate Capital (UK) Limited, which is a private limited company incorporated in the United Kingdom with its principal place of business in the United Kingdom.

16. Therefore, for purposes of determining diversity under 28 U.S.C. § 1332(c)(1), ARCH is a citizen of the State of Missouri and the State of New Jersey, UNITED is a citizen of the State of Delaware and the State of Texas, and UNDERWRITERS are citizens of the United Kingdom.[6]

17. Plaintiff, STAR PROPERTY NAKATOMI, LLC, is, and was at the time the Complaint was filed in Florida's State Court, a limited liability company. For the purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1), a limited liability company has its citizenship where its members have their citizenship. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Westland Com. Park*, at *3. DEFENDANTS must plead the identity of every member, something it could not do when they were served with the Complaint. On August 15, 2023, Plaintiff served its verified answers to DEFENDANTS' First Set of Interrogatories, and

---

[6] *See* Florida Office of Insurance Regulation Summaries (attached as **Exhibit 3**, and **Exhibit 4**).

provided the citizenship of its members, which was the first time DEFENDANTS were provided with the identity of every member of Plaintiff's limited liability company.  Plaintiff's members are citizens of the State of Florida, thus, Plaintiff is a citizen of the State of Florida.[7]

    A.    The following are facts establishing the Florida citizenship of Plaintiff, STAR PROPERTY NAKATOMI, LLC, regarding its member: Nicolas Estrella (with a date of birth of June 26, 19XX), an individual whose domicile is located in Key Biscayne, Florida, Miami-Dade County:

    i.    Plaintiff's Verified Answer #4 To Defendants' First Set of Interrogatories, dated August 15, 2023, provides that the one of two members of Plaintiff: STAR PROPERTY NAKATOMI, LLC, is Nicolas Estrella, with an address of 940 Mariner Drive, Key Biscayne, Florida, Miami-Dade County.[8]

    ii.    Nicolas Estrella is listed in the records maintained by the State of Florida as a Managing Member for STAR PROPERTY NAKATOMI, LLC, which lists his address at the company's location of 1801 S.W. 3rd Ave., Miami, Florida.[9]

    iii.    Nicolas Estrella is a registered voter and his registration has his address listed as 940 Mariner Drive, Key Biscayne, Florida, Miami-Dade County.

    iv.    The Miami Dade County Property Appraiser website reflects that Nicolas Estrella is the co-owner of the property located at 940 Mariner Drive, Key

---

[7] *See* Plaintiff's Verified Answers To Defendants' First Set of Interrogatories dated August 15, 2023 (attached as **Exhibit 2**); *see also*, Plaintiff's Corporation Information from Sunbiz.org (attached as **Exhibit 5**).
[8] *See* Plaintiff's Verified Answers To Defendants' First Set of Interrogatories dated August 15, 2023 (attached as **Exhibit 2**).
[9] *See* Plaintiff's Corporation Information from Sunbiz.org (attached as **Exhibit 5**).

Biscayne, Florida, Miami-Dade County, which contains a homestead exemption[10].

B. The following are facts establishing the Florida citizenship of Plaintiff, STAR PROPERTY NAKATOMI, LLC, regarding its member: Jose E. Estrella (with a date of birth of August 26, 19XX), an individual whose domicile is located in Key Biscayne, Florida, Miami-Dade County:

    i. Plaintiff's Verified Answer #4 To Defendants' First Set of Interrogatories, dated August 15, 2023, provides that the one of two members of Plaintiff: STAR PROPERTY NAKATOMI, LLC, is Jose E. Estrella, with an address of 685 Harbor Lane, Key Biscayne, Florida, Miami-Dade County.[11]

    ii. Jose E. Estrella is listed in the records maintained by the State of Florida as a Managing Member for STAR PROPERTY NAKATOMI, LLC, which lists his address at the company's location of 1801 S.W. 3rd Ave., Miami, Florida.[12]

    iii. Jose E. Estrella has an active driver's license issued by the State of Florida, with an address listed as 685 Harbor Lane, Key Biscayne, Florida, Miami-Dade County.

---

[10] *See* Miami Dade County Property Appraisal Summary and Warranty Deed (attached as **Exhibit 6**).
[11] *See* Plaintiff's Verified Answers To Defendants' First Set of Interrogatories dated August 15, 2023 (attached as **Exhibit 2**).
[12] *See* Plaintiff's Corporation Information from Sunbiz.org (attached as **Exhibit 5**).

iv. Jose E. Estrella has at least one registered motor vehicle in the State of Florida, in his name, with an address listed as 1801 S.W. 3rd Ave., Miami, Florida, Miami-Dade County.

v. Jose E. Estrella is a registered voter and his registration has his address listed as 685 Harbor Lane, Key Biscayne, Florida, Miami-Dade County.

vi. The Miami Dade County Property Appraiser website reflects that Jose E. Estrella is the co-owner of the property located at 685 Harbor Lane, Key Biscayne, Florida, Miami-Dade County, which contains a homestead exemption[13]

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

16. DEFENDANTS issued a commercial property policy to Plaintiff under Policy No. VETGV06026210 (the "Subject Policy"). The Subject Policy period is from December 13, 2021, through December 13, 2022.[14]

17. Plaintiff's Complaint asserts a cause of action for breach of contract, alleging that DEFENDANTS failed or refused to pay Plaintiff's claim that occurred on or about June 16, 2022.[15] Plaintiff asserts that it has suffered damages as a result of the loss, along with attorney fees.[16]

18. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff claims its damages are $1,334,991.80.[17]

---

[13] *See* Miami Dade County Property Appraisal Summary and Warranty Deed (attached as **Exhibit 7**).
[14] *See* Policy attached to Plaintiff's Complaint (attached as **Composite Exhibit 1**).
[15] *See* Plaintiff's Complaint (attached as **Composite Exhibit 1**).
[16] *See* Plaintiff's Complaint (attached as **Composite Exhibit 1**).
[17] *See* Plaintiff's Verified Answers To Defendants' First Set of Interrogatories dated August 15, 2023 (attached as **Exhibit 2**).

**COMPLIANCE WITH 28 U.S.C. § 1446**

19. Pursuant to the provisions of 28 U.S.C. § 1446, and the Local Rules for the United States District Court for the Southern District of Florida, DEFENDANTS files copies of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, on file in the state court as of the date of this filing.[18]

20. Pursuant to 28 U.S.C. § 1446(d), DEFENDANTS filed this Notice of Removal with this Court and is serving a copy of this Notice of Removal upon counsel for all parties. A true copy of this Notice of Removal is also being filed by DEFENDANTS with the state court where this action was pending and written notice will be given to all adverse parties "promptly after" the filing in this Court of this Notice of Removal, in full compliance with 28 U.S.C. § 1446(d).

21. Pursuant to 28 U.S.C. § 1446(d), DEFENDANTS provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County.

WHEREFORE, DEFENDANTS respectfully request that this Court (1) remove this action from the Circuit Court; (2) exercise jurisdiction over this matter as provided by law; and (3) place the action on the docket of this Court for further proceedings, the same as if this action had originally been executed in this Court.

Respectfully submitted this 14th day of September, 2023.

BUTLER WEIHMULLER KATZ CRAIG LLP

---

[18] *See* **Composite Exhibit 1** and Miami Dade County Clerk of Court Docket sheet (attached as **Exhibit 8**).

/s/ *Christopher M. Ramey*
CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.: 0044808
cramey@butler.legal
MADELINE S. MECONNAHEY, ESQ.
Florida Bar No.: 1033019
mmeconnahey@butler.legal
Secondary          hkerr@butler.legal
                   ebarker@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:    (813) 281-1900
Facsimile:    (813) 281-0900
Attorneys for the Defendants, ARCH SPECIALTY INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER:VETGV06026210

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2023, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system.  A copy of the foregoing was forwarded to the following this same date:

Maximo A. Santiago
Ariana Rubio Di Natale, Esq.
Your Insurance Attorney, PLLC
2601 South Bayshore Drive, 18th Floor
Coconut Grove, Florida 33133
YIA3@yourinsuranceattorney.com
eservice@yourinsuranceattorney.com
Attorneys for Plaintiff, STAR PROPERTY NAKATOMI, LLC

/s/ *Christopher M. Ramey*
CHRISTOPHER M. RAMEY, ESQ.